11 CANNIZZARO, J.,
concurs with reasons.
I concur with the result in the majority opinion, but I do not think that the evidence shows that the Sewerage & Water Board (the “S & WB”) had notice of the problem that caused the accident in this case. In my opinion the evidence shows that the condition that caused the accident arose so suddenly that the S & WB could not have been notified of the condition. Although the S & WB had been notified of other matters regarding its sewer line, the evidence demonstrates that these matters were unrelated to the cause of the accident in this case.
The fact that the S & WB did not have notice of the condition that caused the accident should not, however, preclude recovery by the plaintiff. The doctrine of res ipsa loquitur is applicable to this case, and the notice requirement under La. R.S. 9:2800 is, therefore, irrelevant. La. R.S. 9:2800 expressly refers to La. C.C. art. 2317, and La. C.C. art. 2817.1 provides the “[njothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur.”
Citizens lawfully operating a motor vehicle on a roadway should have an expectation that the roadway will not suddenly collapse and cause them injury. In this case that is exactly what happened. The evidence shows that a sewer line below the roadway failed unexpectedly and without any warning, causing the roadway’s sudden collapse. It is nonsensical to require that the S & WB receive Lprior notice of such a condition before an injured citizen, who is free from fault, can recover damages. Fortunately, the legislature has provided for just such a situation by sanctioning the use of the doctrine of res ipsa loquitur, where applicable, in situations subject to La. R.S. 9:2800 and La. C.C. art. 2317.